JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:23-cv-01442-JLS-ADS                                   Date: August 17, 2023
Title:  Balboa Capital Corp. v. RUNSS Corp., *et al.*

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DISMISSING CASE FOR LACK OF DIVERSITY JURISDICTION**

On August 8, 2023, Plaintiff Balboa Capital Corp. filed suit against Defendants RUNSS Corp. and Tokhir Alovudinov, alleging a breach of a financing agreement and a breach of personal guaranty.  (Compl., Doc 1, at 1–2.)  Plaintiff brings this action in federal court based on diversity of citizenship, pursuant to 28 U.S.C. §1332.  (*Id.* at 2–3.)  Because the Complaint fails adequately to allege the citizenship of the parties, the case is DISMISSED for lack of jurisdiction.

Diversity jurisdiction requires that the dispute be between citizens of different states and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332(a).  To invoke federal jurisdiction, the "plaintiff must affirmatively allege [the] essential elements of diversity jurisdiction."  *Mann v. City of Tustin,* 782 F.2d 790, 794 (9th Circ. 1986).  Here, Plaintiff alleges that Defendant Alovudinov "is, and at all times herein mentioned was an individual residing and/or doing business in the County of Will, State of Illinois."  The diversity jurisdiction statute, however, speaks of citizenship, not residency or place of work.  28 U.S.C. § 1332(a); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").  And because Plaintiff describes Alovudinov as residing "and/or doing business" in Illinois, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01442-JLS-ADS            Date: August 17, 2023
Title: Balboa Capital Corp. v. RUNSS Corp., *et al.*

Complaint is especially vague as to where Alovudinov is domiciled. Thus, Plaintiff has not adequately alleged Defendants' citizenship.

     The Court's exercise of diversity jurisdiction is strictly construed, *see Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)), and the Court is "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). Because Plaintiff's Complaint does not sufficiently allege diversity jurisdiction exists in this matter, this action is DISMISSED without prejudice.

                                                                                            Initials of Deputy Clerk: gg